**KIMBERLY MAXSON-RUSHTON, ESQ.**
Nevada Bar No. 5065
**R. SCOTT RASMUSSEN, ESQ.**
Nevada Bar No. 6100
**COOPER LEVENSON, P.A.**
**1835 Village Center Circle**
**Las Vegas, Nevada 89134**
T:  (702) 366-1125
F:  (702) 366-1857
krushton@cooperlevenson.com
srasmussen@cooperlevenson.com
*Attorneys for Plaintiffs*

and

**ALFRED J. BENNINGTON, JR., ESQ.**
Florida Bar No. 404985
(Admitted *Pro Hac Vice*)
**GLENNYS ORTEGA RUBIN, ESQ.**
Florida Bar No. 556361
(Admitted *Pro Hac Vice*)
**SHUTTS & BOWEN LLP**
**300 South Orange Avenue, Suite 1600**
**Orlando, Florida 32801**
T:  (407) 835-6755
F:  (407) 849-7255
bbennington@shutts.com
grubin@shutts.com
*Attorneys for Plaintiffs*

and

**DANIEL J. BARSKY, ESQ.**
Florida Bar No. 25713
(*Pro Hac Vice* filed)
**SHUTTS & BOWEN LLP**
**200 South Biscayne Boulevard, Suite 4100**
**Miami, Florida 33131**
T:  (561) 650-8518
F:  (561) 822-5527
dbarsky@shutts.com
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DIAMOND RESORTS INTERNATIONAL, INC., a Delaware corporation; DIAMOND RESORTS CORPORATION, a Maryland corporation, DIAMOND RESORTS U.S. COLLECTION DEVELOPMENT, LLC, a Delaware limited liability company, and DIAMOND RESORTS MANAGEMENT, INC., an Arizona corporation, | CASE NO:   2:17-cv-3007<br><br>**PROPOSED DISCOVERY PLAN AND SCHEDULING ORDER SUBMITTED IN COMPLIANCE WITH LR 26-1(b)**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |

CLAC 4233145.1

     Plaintiffs,

vs.

REED HEIN & ASSOCIATES, LLC, a Washington limited liability company, d/b/a TIMESHARE EXIT TEAM; BRANDON REED, an individual and citizen of the state of Washington; TREVOR HEIN, an individual and citizen of Canada; and SCOTT LOUGHRAM, an individual and citizen of the state of Washington,

     Defendants.
_

  COMES NOW Plaintiff, DIAMOND RESORTS INTERNATIONAL, INC., et al, by and through its counsel, DANIEL J. BARSKY, ESQ. of the law firm SHUTTS & BOWNE, LLP (admitted *pro hac vice*) and GREGORY A. KRAEMER, ESQ., of the law firm COOPER LEVENSON, P.A., and Defendants, REED HEIN & ASSOCIATES, LLC d/b/a TIMESHARE EXIT TEAM, BRANDON REED, TREVOR HEIN, and SCOTT LOUGHRAM, et al, by and through their counsel, ROBERT S. LARSEN, ESQ. of GORDON REES SCULLY MANSUKHANI, LLP., and hereby submit this Proposed Joint Discovery Plan and Scheduling Order.

  **Fed.R.Civ.P. 26(f) Conference.**

  The parties conducted the FRCP 26(f) conference on March 16, 2018 **and there were no discovery disputes at that time, other than whether discovery should be phased**. Based upon counsels' review of the evidence-to-date in this case, the pleadings and papers on file, and the Parties' own investigations of the various issues, the Parties now propose the following discovery plan:

  Plaintiffs' filed their Complaint on December 6, 2017. Given the multiple causes of action alleged as well as the complexities and nuances of the legal issues raised, Defendants' requested and were granted an extension to file a responsive pleading to the Complaint until February 16, 2016. On February 16, 2018, Defendants' filed a Motion to Dismiss (ECF No. 22). The Parties entered a stipulation to continue the date Plaintiffs' responsive pleading to the Motion to Dismiss was due to April 2, 2018. Plaintiffs will be filing their response at that time.

  The parties jointly request a change to LR 26(b)(1) to extend the discovery period. Based upon the complexities of the case and the volume of discovery that will be conducted, the parties believe that

2

twenty-four (24) months for discovery will be required based on the following:

1) As presently constituted, Plaintiffs' Complaint contains five causes of action: 1) Intentional Interference, 2) Violation of The Lanham Act, 3) False Advertising Under the Lanham Act, 4) Violation of Nevada's Deceptive Trade Practices Act, and 5) Temporary and Permanent Injunctive Relief. Since most of the causes of action raise unique factual and legal issues, each will require separate discovery.

2) Although discovery has not begun, counsel for Defendants has received preliminary indication that around 2,000-2,500 customers of Plaintiffs may be involved in this case. These customers reside across the United States. The sheer volume of contracts at issue will require written discovery beyond the limits imposed by the Federal Rules of Civil Procedure. A substantial number of out-of-district depositions will need to be conducted, likely resulting in delays in conducting discovery.

As a result of the foregoing, and the overall complexities of the case, the Parties respectfully request twenty-four (24) months to conduct discovery.

1. **Rule 26 Disclosures:**  Given the volume of potential witnesses and documents, the Plaintiffs request that the deadline for serving their Initial Rule 26 Disclosures be enlarged to April 18, 2018.  Given the volume of potential witnesses and documents along with the need to have a protective order in place, Defendants request additional time to complete Initial Rule 26 Disclosures until June 8, 2018 as part of their request for a phased discovery schedule listed below.

2. **Discovery Cut-Off Date:**  The Parties request twenty-four (24) months for discovery which equates to a discovery cut-off date of March 30, 2020 – 845 days after the Complaint was filed.

3. **Amending the Pleadings and Adding Parties:**  The Plaintiffs request that all motions to amend the pleadings or to add parties be filed no later than November 1, 2019 – 120 days prior to the proposed close of discovery.  Defendants request that this date be set for June 26, 2019.

4. **Fed.R.Civ.P. 26(a)(2) Disclosures (Experts):**  The Plaintiffs' request the disclosure of experts be made on or before January 3, 2020 – 60 days before the proposed discovery cut-off date.

3

Plaintiffs request that the disclosure of rebuttal experts be made by March 1, 2020 – 29 days after the initial disclosure of experts.  Given the extended discovery period, large amount of information and potential need for multiple experts, Defendants request that the deadline to disclose experts should be October 28, 2019 so allow for additional time for rebuttal expert reports and coordination of any necessary depositions.  Defendants request that the deadline for rebuttal experts be made by December 3, 2019.

5. **Discovery Phasing Schedule:** Plaintiffs and Defendants disagree on the need for a phased discovery plan.  Given the potentially large number of files from both Plaintiffs and Defendants related to a potentially large group of Defendants' customers located throughout the United States, the acknowledgement by both Parties that written discovery beyond the limits set forth in the Rules, and the likely need to conduct ESI discovery, Defendants believe that a phased discovery process will greatly serve to organize the process and serve judicial economy of the Court and the Parties.  Defendants propose the following phased schedule for conducting discovery:

| | |
|---|---|
| 1. Discovery Cut-Off | **March 30, 2020** |
| 2. Joint Protective Order | **May 25, 2018** |
| 3. Disclosure of Rule 26(a) Initial Disclosures | **June 8, 2018** |
| 4. Document Production Deadline | **February 26, 2019** |
| 5. Initial Witness List Exchange | **October 12, 2018** |
| 6. Fact Depositions | **November 9, 2018 – September 28, 2019** |
| 7. Motion to Amend Pleadings/Parties | **June 26, 2019** |
| 8. Simultaneous Exchange of Expert Designations and Reports | **October 28, 2019** |
| 9. Simultaneous Exchange of Rebuttal Expert Designations and Reports | **December 3, 2019** |

Plaintiffs do not agree with a phased discovery schedule as they do not believe phased discovery is necessary. Defendants request that the Court hold a discovery conference to discuss this discovery plan and a phased discovery schedule.

6. **Interim Status Report:** The parties shall file the interim status report required by LR 26-3 by January 3, 2020, which is 60 days before the discovery cutoff date. Defendants agree with this date. However, given the length of the discovery period, the Parties believe that an early interim status report may be helpful to the Court and request an interim status report be set for March 30, 2019.

7. **Dispositive Motions:** The date for filing dispositive motions shall be no later than April 29, 2020 – 30 days after the proposed discovery cut-off date. In the event that the discovery period is extended from the discovery cut-off date set forth in this proposed Discovery Plan and Scheduling Order, the date for filing dispositive motions shall be extended to be not later than 30 days from the subsequent discovery cut-off date.

8. **Pretrial Order:** The date for filing the joint pretrial order shall not be later than May 28, 2020 – 29 days after the cut-off date for filing dispositive motions. In the event that dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until 30 days after decision on the dispositive motions or until further order of the court. In the further event that the discovery period is extended from the discovery cut-off date set forth in this Discovery Plan and Scheduling Order, the date for filing the joint pretrial order shall be extended in accordance with the time periods set forth in this paragraph.

9. **Fed.R.Civ.P. 26(a)(3) Disclosures:** The disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the joint pretrial order.

10. **Alternative Dispute Resolution:** Counsel for the Parties certify that they met and conferred about the possibility of using alternative dispute resolution including mediation, arbitration and/or an early neutral evaluation. The Parties agree that an early neutral evaluation would not be effective at this time as the Parties and their counsel believe that it is necessary to conduct discovery before attempting to resolve this case. The Parties and their counsel are not interested in submitting this case to arbitration.

11. **Alternative Forms of Case Disposition:** Counsel for the Parties certify that they discussed consenting to trial by a magistrate judge or engaging in the Short Trial Program under Fed. R. Civ. P. 73 and at present do not consent to either alternative form of case disposition.

12. **Electronic Evidence:** Counsel for the Parties certify that they have discussed and intend to use electronic evidence at the trial of this matter and will ensure that said evidence is in an electronic format compatible with the Court's electronic jury evidence display system. At present, the parties have not agreed upon any stipulations regarding use of electronic evidence but will address this issue again in the PreTrial Order.

13. **Protective Order:** The discovery in this case is expected to involve sensitive and confidential information of the Parties and non-parties. Accordingly, a protective order will be necessary before disclosure of customer names or document production begins. The Parties will meet and confer on a joint protective order. In the event that the Parties cannot agree on a joint protective order, either Party may petition the Court for entry of a protective order pursuant to Fed. R. Civ. P. 26(c).

14. **Extensions or Modifications of the Discovery Plan and Scheduling Order:** Any stipulation or motion must be made no later than 21 days before the subject deadline. Requests to extend discovery deadlines must comply fully with LR 26-4.

Respectfully submitted this 30th day of March, 2018.

| | |
|---|---|
| GORDON REES SCULLY MANSUKHANI, LLP | COOPER LEVENSON, P.A. |
| /s/ Robert S. Larsen | /s/ Daniel J. Barsky |
| ROBERT S. LARSEN, ESQ.<br>Nevada Bar No. 7785<br>DAVID T. GLUTH, II, ESQ.<br>Nevada Bar No. 10596<br>300 South 4th Street, Suite 1550<br>Las Vegas, Nevada 89101 | KIMBERLY MAXON-RUSHTON, ESQ.<br>Nevada Bar No. 5065<br>R. SCOTT RASMUSSEN, ESQ.<br>Nevada Bar No. 6100<br>1835 Village Center Circle<br>Las Vegas, NV 89134 |
| *Attorneys for Defendants* | *Attorneys for Plaintiffs* |
| | and |

ALFRED J. BENNINGTON, JR., ESQ.
Florida Bar No. 404985
(Admitted *Pro Hac Vice*)
GLENNYS ORTEGA RUBIN, ESQ.
Florida Bar No. 556361
(Admitted *Pro Hac Vice*)
SHUTTS & BOWEN LLP
300 South Orange Avenue, Suite 1600
Orlando, Florida 32801
T:  (407) 835-6755
F:  (407) 849-7255
bbennington@shutts.com
grubin@shutts.com
*Attorneys for Plaintiffs*

and

DANIEL J. BARSKY, ESQ.
Florida Bar No. 25713
(Admitted *Pro Hac Vice*)
SHUTTS & BOWEN LLP
200 South Biscayne Boulevard, Suite 4100
Miami, Florida 33131
T:  (561) 650-8518
F:  (561) 822-5527
dbarsky@shutts.com
*Attorneys for Plaintiffs*

**IT IS SO ORDERED.**

_____
United Stated Magistrate Judge

Dated:_____

1152183/37437729v.1