ROBERT S. LARSEN, ESQ.
Nevada Bar No. 7785
DAVID T. GLUTH, II, ESQ.
Nevada Bar No. 10596
DIONE C. WRENN, ESQ.
Nevada Bar No. 13285
GORDON REES SCULLY MANSUKHANI, LLP
300 South 4th Street, Suite 1550
Las Vegas, Nevada 89101
Telephone: (702) 577-9300
Facsimile: (702) 255-2858
E-Mail: rlarsen@grsm.com
dgluth@grsm.com
dwrenn@grsm.com

PANDA KROLL, ESQ.
(pro hac vice)
BRUCE ALAN FINCK, ESQ.
(pro hac vice)
KEVIN M. MCCORMICK, ESQ.
(pro hac vice)
BENTON, ORR, DUVAL & BUCKINGHAM
39 N. California Street
Ventura, California 93001
Email: pkroll@bentonorr.com
bfinck@bentonorr.com
kmccormick@bentonorr.com

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DIAMOND RESORTS INTERNATIONAL, INC., a Delaware corporation; DIAMOND RESORTS CORPORATION, a Maryland corporation; DIAMOND RESORTS U.S. COLLECTION DEVELOPMENT, LLC, a Delaware limited liability company; and DIAMOND RESORTS MANAGEMENT, INC., an Arizona corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>REED HEIN & ASSOCIATES, LLC, a Washington limited liability company DBA TIMESHARE EXIT TEAM; BRANDON REED, an individual and citizen of the State of Washington; TREVOR HEIN, an individual and citizen of Canada; and SCOTT LOUGHRAM, an individual and citizen of the State of Washington,<br><br>Defendants. | Case No.: 2:17-cv-03007-RFB-VCF<br><br>**STIPULATED RULE 502(d) ORDER** |

Gordon Rees Scully Mansukhani, LLP
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101

Plaintiffs DIAMOND RESORTS INTERNATIONAL, INC.; DIAMOND RESORTS CORPORATION; DIAMOND RESORTS U.S. COLLECTION DEVELOPMENT, LLC; and DIAMOND RESORTS MANAGEMENT, INC., ("Plaintiffs"), and Defendant REED HEIN & ASSOCIATES, LLC d/b/a TIMESHARE EXIT TEAM ("Defendant"), by and through their respective attorneys of record, stipulate as follows:

1. **No Waiver by Disclosure.** This order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence. Subject to the provisions of this Order, if a party (the "Disclosing Party") discloses information in connection with the pending litigation that the Disclosing Party thereafter claims to be privileged or protected by the attorney-client privilege or work product protection ("Protected Information"), the disclosure of that Protected Information will not constitute or be deemed a waiver or forfeiture—in this or any other action—of any claim of privilege or work product protection that the Disclosing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

2. **Notification Requirements; Best Efforts of Receiving Party.** A Disclosing Party must promptly notify the party receiving the Protected Information ("the Receiving Party"), in writing, that it has disclosed that Protected Information without intending a waiver by the disclosure. Upon such notification, the Receiving Party must—unless it contests the claim of attorney-client privilege or work product protection in accordance with paragraph 3—promptly (i) notify the Disclosing Party that it will make best efforts to identify and return, sequester or destroy (or in the case of electronically stored information, delete) the Protected Information and any reasonably accessible copies it has and (ii) provide a certification that it will cease further review, dissemination, and use of the Protected Information. Within five business days of receipt of the notification from the Receiving Party, the Disclosing Party must explain as specifically as possible why the Protected Information is privileged. [For purposes of this Order, Protected Information that has been stored on a source of electronically stored information that is not reasonably accessible, such as backup storage media, is sequestered. If such data is retrieved, the Receiving Party must promptly take steps to delete or sequester the restored protected information.]

3. **Contesting Claim of Privilege or Work Product Protection.** If the Receiving Party contests the claim of attorney-client privilege or work product protection, the Receiving Party must—within five business days of receipt of the notice of disclosure—move the Court for an Order compelling disclosure of the information claimed as unprotected (a "Disclosure Motion"). The Disclosure Motion must be filed under seal and must not assert as a ground for compelling disclosure the fact or circumstances of the disclosure. Pending resolution of the Disclosure Motion, the Receiving Party must not use the challenged information in any way or disclose it to any person other than those required by law to be served with a copy of the sealed Disclosure Motion.

4. **Stipulated Time Periods.** The parties may stipulate to extend the time periods set forth in paragraphs 2 and 3.

5. **Attorney's Ethical Responsibilities.** Nothing in this order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Disclosing Party that such materials have been produced.

6. **Burden of Proving Privilege or Work-Product Protection.** The Disclosing Party retains the burden—upon challenge pursuant to paragraph 3—of establishing the privileged or protected nature of the Protected Information.

7. **In camera Review**. Nothing in this Order limits the right of any party to petition the Court for an *in camera* review of the Protected Information.

8. **Voluntary and Subject Matter Waiver.** This Order does not preclude a party from voluntarily waiving the attorney-client privilege or work product protection. The provisions of Federal Rule 502(a) apply when the Disclosing Party uses or indicates that it may use information produced under this Order to support a claim or defense.

9. **Rule 502(b)(2).** The provisions of Federal Rule of Evidence 502(b)(2) are inapplicable to the production of Protected Information under this Order.

10. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

DATED: January 29, 2019

GORDON REES SCULLY MANSUKHANI, LLP

*/s/ Robert S. Larsen*
_____
ROBERT S. LARSEN, ESQ.
Nevada Bar No. 7785
DAVID T. GLUTH, II, ESQ.
Nevada Bar No. 10596
300 South 4th Street, Suite 1550
Las Vegas, Nevada 89101

*Attorneys for Defendant*

DATED: January 29, 2019.

COOPER LEVENSON, P.A.

*/s/ Daniel J. Barsky*
_____
KIMBERLY MAXON-RUSHTON, ESQ.
Nevada Bar No. 5065
R. SCOTT RASMUSSEN, ESQ.
Nevada Bar No. 6100
1835 Village Center Circle
Las Vegas, NV 89134

ALFRED J. BENNINGTON, JR., ESQ.
Florida Bar No. 404985
(Admitted *Pro Hac Vice*)
GLENNYS ORTEGA RUBIN, ESQ.
Florida Bar No. 556361
(Admitted *Pro Hac Vice*)
SHUTTS & BOWEN LLP
300 South Orange Avenue, Suite 1600
Orlando, Florida 32801
T: (407) 835-6755
F: (407) 849-7255

DANIEL J. BARSKY, ESQ.
Florida Bar No. 25713
(Admitted *Pro Hac Vice*)
SHUTTS & BOWEN LLP
200 South Biscayne Boulevard, Suite 4100
Miami, Florida 33131
T: (561) 650-8518
F: (561) 822-5527

*Attorneys for Plaintiffs*

Dated: this 29th day of January, 2019.

**IT IS SO ORDERED.**

_____
**UNITED STATES MAGISTRATE JUDGE**

-4-