| | |
|---|---|
| 1 | **KIMBERLY MAXSON-RUSHTON, ESQ.**<br>**Nevada Bar No. 5065** |
| 2 | **GREGORY A. KRAEMER, ESQ.**<br>**Nevada Bar No. 010911** |
| 3 | **COOPER LEVENSON, P.A.**<br>**1835 Village Center Circle** |
| 4 | **Las Vegas, Nevada 89134**<br>**T: (702) 366-1125** |
| 5 | **F: (702) 366-1857**<br>**krushton@cooperlevenson.com** |
| 6 | **gkraemer@cooperlevenson.com**<br>*Attorneys for Plaintiffs* |
| 7 | **and** |
| 8 | |
| 9 | **ALFRED J. BENNINGTON, JR., ESQ.**<br>**Florida Bar No. 404985** |
| 10 | **(Admitted *Pro Hac Vice*)**<br>**GLENNYS ORTEGA RUBIN, ESQ.** |
| 11 | **Florida Bar No. 556361**<br>**(Admitted *Pro Hac Vice*)** |
| 12 | **MICHAEL L. GORE, ESQ.**<br>**Florida Bar No. 441252** |
| 13 | **(Admitted *Pro Hac Vice*)**<br>**MICHAEL J. QUINN, ESQ.** |
| 14 | **Florida Bar No. 084587**<br>**(Admitted *Pro Hac Vice*)** |
| 15 | **SHUTTS & BOWEN LLP**<br>**300 South Orange Avenue, Suite 1600** |
| 16 | **Orlando, Florida 32801**<br>**T: (407) 835-6755** |
| 17 | **F: (407) 849-7255**<br>**bbennington@shutts.com** |
| 18 | **grubin@shutts.com**<br>**mgore@shutts.com** |
| 19 | *Attorneys for Plaintiffs* |
| 20 | **and** |
| 21 | **DANIEL J. BARSKY, ESQ.**<br>**Florida Bar No. 25713** |
| 22 | **(*Pro Hac Vice* filed)**<br>**SHUTTS & BOWEN LLP** |
| 23 | **200 South Biscayne Boulevard, Suite 4100**<br>**Miami, Florida 33131** |
| 24 | **T: (561) 650-8518**<br>**F: (561) 822-5527** |
| 25 | **dbarsky@shutts.com**<br>*Attorneys for Plaintiffs* |

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DIAMOND RESORTS INTERNATIONAL, INC., a Delaware corporation; DIAMOND | CASE NO: 2:17-cv-3007 |

| | |
|---|---|
| 1 | RESORTS CORPORATION, a Maryland corporation, DIAMOND RESORTS U.S. COLLECTION DEVELOPMENT, LLC, a Delaware limited liability company, and DIAMOND RESORTS MANAGEMENT, INC., an Arizona corporation, |
| 2 | |
| 3 | |
| 4 | |
| 5 | Plaintiffs, |
| 6 | vs. |
| 7 | REED HEIN & ASSOCIATES, LLC d/b/a TIMESHARE EXIT TEAM, a Washington limited liability company; BRANDON REED, an individual and citizen of the State of Washington; TREVOR HEIN, an individual and citizen of Canada; THOMAS PARENTEAU, an individual and citizen of the State of Washington; HAPPY HOUR MEDIA GROUP, LLC, a Washington limited liability company; MITCHELL R. SUSSMAN, ESQ. d/b/a THE LAW OFFICES OF MITCHELL REED SUSSMAN & ASSOCIATES, an individual and citizen of the State of California; SCHROETER, GOLDMARK & BENDER, P.S., a Washington professional services corporation; and KEN B. PRIVETT, ESQ., a citizen of the State of Oklahoma, |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | Defendants. |
| 16 | |

## **NOTICE OF FILING AMENDED AGREED PROTECTIVE ORDER**

Plaintiffs Diamond Resorts International, Inc., Diamond Resorts Corporation, Diamond Resorts U.S. Collection Development, LLC, and Diamond Resorts Management, Inc. (collectively, "Diamond" or "Plaintiffs"), pursuant to this Court's Order of October 1, 2019, hereby provide notice of filing with the Court the Parties' Amended Agreed Protective Order, a copy of which is annexed hereto as Exhibit A.

DATED this 8th day of October, 2019.

                                                COOPER LEVENSON, P.A.
                                                SHUTTS & BOWEN, LLP

                                                */s/ Alfred J. Bennington, Jr.*
                                                **KIMBERLY MAXSON-RUSHTON, ESQ.**
                                                Nevada Bar No. 5065
                                               **GREGORY A. KRAEMER, ESQ.**
                                                Nevada Bar No. 010911
                                              **1835 Village Center Circle**

Las Vegas, Nevada 89134

and

**ALFRED J. BENNINGTON, JR., ESQ.**
Florida Bar No. 404985
(Admitted *Pro Hac Vice*)
**GLENNYS ORTEGA RUBIN, ESQ.**
Florida Bar No. 556361
(Admitted *Pro Hac Vice*)
**MICHAEL L. GORE, ESQ.**
Florida Bar No. 441252
(Admitted *Pro Hac Vice*)
**MICHAEL J. QUINN, ESQ.**
Florida Bar No. 084587
(Admitted *Pro Hac Vice*)
**SHUTTS & BOWEN LLP**
**300 South Orange Avenue, Suite 1600**
**Orlando, Florida 32801**

and

**DANIEL J. BARSKY, ESQ.**
Florida Bar No. 25713
(*Pro Hac Vice* Filed)
**SHUTTS & BOWEN LLP**
**200 South Biscayne Boulevard, Suite 4100**
**Miami, Florida 33131**

*Attorneys for Plaintiffs*

# **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 8th day of October, 2019, the foregoing was filed with the Clerk of the Court using the CM/ECF System, which will serve a Notice of Electronic Filing upon all counsel of record.

                                                     */s/ Alfred J. Bennington, Jr.*
                                                     Alfred J. Bennington, Jr., Esq.

**KIMBERLY MAXSON-RUSHTON, ESQ.**
**Nevada Bar No. 5065**
**R. SCOTT RASMUSSEN, ESQ.**
**Nevada Bar No. 6100**
**COOPER LEVENSON, P.A.**
**1835 Village Center Circle**
**Las Vegas, Nevada 89134**
**T: (702) 366-1125**
**F: (702) 366-1857**
**krushton@cooperlevenson.com**
**srasmussen@cooperlevenson.com**
*Attorneys for Plaintiffs*

**and**

**ALFRED J. BENNINGTON, JR., ESQ.**
**Florida Bar No. 404985**
**(Admitted *Pro Hac Vice*)**
**GLENNYS ORTEGA RUBIN, ESQ.**
**Florida Bar No. 556361**
**(Admitted *Pro Hac Vice*)**
**SHUTTS & BOWEN LLP**
**300 South Orange Avenue, Suite 1600**
**Orlando, Florida 32801**
**T: (407) 835-6755**
**F: (407) 849-7255**
**bbennington@shutts.com**
**grubin@shutts.com**
*Attorneys for Plaintiffs*

**and**

**DANIEL J. BARSKY, ESQ.**
**Florida Bar No. 25713**
**(*Pro Hac Vice* filed)**
**SHUTTS & BOWEN LLP**
**200 South Biscayne Boulevard, Suite 4100**
**Miami, Florida 33131**
**T: (561) 650-8518**
**F: (561) 822-5527**
**dbarsky@shutts.com**
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DIAMOND RESORTS INTERNATIONAL, INC., a Delaware corporation; DIAMOND RESORTS CORPORATION, a Maryland corporation, DIAMOND RESORTS U.S. COLLECTION DEVELOPMENT, LLC, a Delaware limited liability company, and DIAMOND RESORTS MANAGEMENT, | CASE NO: 2:17-cv-03007-RFB-VCF<br><br>**AMENDED AGREED PROTECTIVE ORDER** |

INC., an Arizona corporation,

        Plaintiffs,

vs.

REED HEIN & ASSOCIATES, LLC, a Washington limited liability company, d/b/a TIMESHARE EXIT TEAM; BRANDON REED, an individual and citizen of the state of Washington; TREVOR HEIN, an individual and citizen of Canada; and SCOTT LOUGHRAM, an individual and citizen of the state of Washington,

        Defendants.

**THIS CAUSE** came before the Court on Plaintiffs' and Defendants' Joint Motion for Entry of the Amended Agreed Protective Order. The Court being duly advised herein, and good cause appearing, and to expedite the flow of discovery, facilitate the prompt resolution of disputes over confidentiality of discovery materials, adequately protect information that the parties are entitled to keep confidential, ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and certify that all parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Fed. R. Civ. P. 26(c), it is hereby

**ORDERED AND ADJUDGED** that the Amended Agreed Protective Order is entered as follows:

**IT IS HEREBY AGREED**, by and between counsel for the parties, that this Amended Agreed Protective Order shall govern the handling of any confidential information produced or disclosed by any party or non-party (the "Producing Party") to any other party (the "Receiving Party") in this action, including, without limitation, pleadings, documents, depositions, deposition transcripts, deposition exhibits, interrogatory responses, responses to requests for admission, and other things, as follows:

**Confidential Items and Highly Confidential Items**

    1.    Discovery items produced in this action by a Producing Party may be deemed confidential (hereinafter "Confidential Items"), and access to, disclosure of, and treatment of such

Confidential Items shall be restricted as further provided herein. Confidential Items include documents, things, and information that reflect confidential information, including, without limitation: (i) proprietary technical information, (ii) trade secrets, (iii) confidential know-how, (iv) sensitive business or financial information, (v) other confidential research, development, or commercial information identified as such by a Producing Party; or (vi) information that would be subject to Rule 1.6 of the ABA Model Rules of Professional Conduct. Confidential Items and Highly Confidential Items (provided for in paragraph 4 below) are to be utilized solely for the purposes of this litigation and for no other purpose, including, but not limited to, not being used for any of the following purposes:

   a. Any business-related, pecuniary or economic purpose, efforts, or acts by the Receiving Party; or

   b. Any sales, solicitations, marketing, advertising, customer service, public relations, or other business-related activities by the Receiving Party.

Disclosure of Confidential Items or Highly Confidential Items, documents or materials reflecting those items, or the content of those items to anyone not authorized to receive them under this Amended Agreed Protective Order, or in a manner inconsistent with this Order, is prohibited.

2. (a) If a Producing Party elects to confer the protections of this Amended Agreed Protective Order on a Confidential Item that is a document, such party must produce such Confidential Item bearing the designation "CONFIDENTIAL." In the case of paper documents or documents produced electronically in PDF or TIFF format, the designation shall appear on every page that is deemed confidential. For electronically stored information ("ESI"), if it is not feasible for a party or third party to mark each file or image as specified herein at the time of production, then that party or third party shall designate the Confidential or Highly Confidential Material in a cover letter accompanying the production of the ESI. Where feasible, the designating party or third party shall mark the disk, tape, or other electronic media on which said ESI is produced with legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Whenever such ESI is printed or copied out,

every print out or copy shall be marked with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." In the case of all other Confidential Items, the designation shall to the extent practicable appear prominently on the Confidential Item.

  (b) The inadvertent failure by a Producing Party or its counsel to designate specific documents, materials, or information as Confidential Items or Highly Confidential Items as provided for under paragraphs 2(a), 4(a), or 4(b) shall not be deemed a waiver, in whole or in part, of the Producing Party's claim of confidentiality as to such documents or materials. The Producing Party may give written notice to the Receiving Party or Receiving Parties that the specific documents, material, or information are Confidential Items or Highly Confidential Items and should be treated as such in accordance with the provisions of this Amended Agreed Protective Order. The Receiving Party or Receiving Parties must treat such documents and materials as Confidential Items or Highly Confidential Items from the date such notice is received. Upon written notice to the Receiving Party of such inadvertent failure to designate, the Receiving Party shall cooperate to restore the confidentiality of the inadvertently disclosed information as quickly as possible. Disclosure by a Receiving Party of such documents or materials prior to the receipt of such written notice to persons not authorized to receive Confidential Items or Highly Confidential Items shall not be deemed a violation of this Amended Agreed Protective Order.

  3. Disclosure of Confidential Items, or information contained therein, shall be made only with reasonable assurances that the recipient of the information or items will not further disseminate the information or items except as permitted by this Amended Agreed Protective Order. In addition, except as otherwise specifically provided herein, access to and disclosure of Confidential Items shall be limited to persons in the following categories, so long as such person(s) have signed the Receipt of Confidential Documents, attached hereto as Exhibit A1, and only after such executed Exhibit A1 has been immediately served on every party to this action:

  (a) Outside counsel of record for the parties in this action ("Outside Counsel"),

members of their firms, associate attorneys, paralegal, clerical, and other regular employees of such counsel.

(b) Up to two (2) in-house counsel (in-house counsel being defined as including U.S. and non-U.S. in-house legal counsel) for the parties in this action to be designated and identified in writing to all other parties prior to the disclosure of Confidential Items thereto and who have read and agreed to be bound to this Amended Agreed Protective Order by executing Exhibit A1.

(c) Subject to paragraph 5, outside consultants or experts retained by any party in this litigation who are not employees of any party or their affiliates, divisions, subsidiaries. Such outside consultants and experts shall execute Exhibit A1 and shall agree to be bound by this Amended Agreed Protective Order to the same extent as if they were a party to this agreement and shall not use the Producing Party's Confidential Items and Highly Confidential Items (i) for the benefit of any party other than in connection with this litigation, or (ii) for the benefit of any other persons.

(d) Any witness testifying in a deposition or at trial in this action, regardless of the current status of his or her employment, if the lawyer disclosing such Confidential Item or Highly Confidential Item has a good-faith reasonable belief based upon the witness's testimony that the witness has had previous access to the Confidential Item or Highly Confidential Item or if the witness is testifying as the representative of the Producing Party. Except in the case of the deposition of a corporate Producing Party, the lawyer disclosing such Confidential Item or Highly Confidential Item must make a preliminary inquiry with respect to the witness's previous access to such Confidential Item or Highly Confidential Item, and if it becomes apparent on such further inquiry that the witness has not had previous access to the Confidential Item or Highly Confidential Item, the item shall be withdrawn, and no further inquiry regarding the Confidential Item or Highly Confidential Item shall be permitted.

(e) Any person who wrote or received, independent of discovery in the above-captioned action, a document that is a Confidential Item or Highly Confidential Item, but disclosure shall be limited only to the specific document(s) which the person in question wrote or received.

(f) The Court, court reporters, videographers and court personnel associated with this action, and their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials.

(g) Graphics, translation, design and/or trial consulting services, retained by a party for this action, and their staff stenographic, and clerical employees whose duties and responsibilities require access to such materials.

(h) Photocopy, document imaging and database services and consultants retained by counsel to set up, maintain and/or operate computer systems, litigation databases or to convert data for inclusion in such databases for this action.

(i) Any person to whom the Producing Party agrees in writing.

4. (a) A party may designate certain Confidential Items as Highly Confidential Items. Highly Confidential Items should be labeled or marked in the same manner as Confidential Items, as set forth above in paragraph 2(a), except that Highly Confidential Items should be marked "HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY." Access to Highly Confidential Items shall be limited to the individuals listed in subparagraphs 3(a), (c), (d), (e), (f), (g), (h), and (i) above.

(b) A Confidential Item may be designated as a Highly Confidential Item under subparagraph 4(a) only if the Confidential Item contains sensitive confidential information, including only by way of example:

(i) sales or other financial information, including business plans, marketing plans and market studies pertaining to the Producing Party;

(ii) information relating to technology, research and development pertaining to the Producing Party's products or services, or potential future products or services;

(iii) agreements pertaining to the distribution, sale, and marketing of the Producing Party's products or services, including distribution agreements, vendor agreements, and co-marketing agreements;

(iv) market studies commissioned by the Producing Party;

(v) information that is not publicly known, confers an identifiable economic benefit to the Producing Party, and is the subject of reasonable efforts to

ORLDOCS 17208185 3                     6

maintain its secrecy;

(vi) information about the Producing Party's vendors, customers, manufacturing methods and/or techniques;

(vii) information pertaining to manufacture and production specifications and procedures, including without limitation quality control reports; and

(viii) non-public commercial information that a Producing Party reasonably believes would cause a competitive harm to the Producing Party if disclosed to the employees of the other party or the public.

5. (a) As a condition precedent to disclosure of Confidential Items to the individuals identified in subparagraphs 3(b) or 3(c), or the disclosure of Highly Confidential Items to the individuals identified in subparagraph 3(c), each such individual must acknowledge receipt and understanding of this Amended Agreed Protective Order by executing Exhibit A1 and thereby agreeing and undertaking (i) to be bound thereby, (ii) to use Confidential Items and/or Highly Confidential Items solely for this action and (iii) not to disclose any Confidential Items or Highly Confidential Items to any person, firm, corporation or other entity not qualified to have access to such information pursuant to the terms of this Amended Agreed Protective Order. A copy of each executed undertaking shall be maintained by counsel for the party that seeks to provide the individual access to the Confidential Items or Highly Confidential Items.

(b) In addition to the condition precedent set forth in paragraph 5(a) above, a party proposing to show a Confidential Item or Highly Confidential Item to a person designated in paragraph 3(c) shall also submit to the Producing Party a curriculum vitae which includes the consultant's or expert's name, current business affiliation and address, any known present or former relationships between the consultant or expert and the Producing Party or known competitor of the Producing Party, and a list of all lawsuits (by name and number of the case, filing date, and location of court) in which the consultant has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years. The undertaking and curriculum vitae shall be served on all parties at least ten (10) business days prior to the disclosure of any Confidential Item or Highly Confidential Items to such consultant or expert. Such disclosures shall not be deemed to be a

waiver of attorney work product.

(c) If a party receiving a notice for disclosure to persons under paragraph 3(c) objects to Confidential Items or Highly Confidential Items being disclosed to the selected person, such party shall serve its objections on the sender of the notice within five (5) business days of receipt of the written notification required by paragraph 5(b). If a written notice of objection is provided, no Confidential Items or Highly Confidential Items shall be disclosed to the selected person until the objection is resolved by an order of the Court or by an agreement among the parties involved, except as further provided by this subparagraph.

6. Nothing herein shall prevent disclosure of any Confidential Item or Highly Confidential Item by the Producing Party that produced the Confidential Item or Highly Confidential Item in this section.

**Designation of Depositions**

7. Depositions and deposition transcripts may be designated as Confidential Items or Highly Confidential Items in accordance with this Amended Agreed Protective Order. A party may so designate a deposition transcript by stating the designation on the record during the deposition or by notifying all parties in writing within fifteen (15) business days of receipt of the final transcript (date of receipt is based on standard delivery of the transcript). All deposition transcripts shall be treated as Highly Confidential Items in their entirety under this Amended Agreed Protective Order for a period of fifteen (15) business days after the transcript is received, unless a party states on the record during the deposition that the transcript is designated as a Confidential Item or that the transcript is not subject to the Amended Agreed Protective Order (i.e. if the parties are silent on the record as to whether the transcript is subject to the Amended Agreed Protective Order, the transcript will be treated as a Highly Confidential Item until fifteen (15) business days after receipt of the transcript). In the case of multi-day depositions conducted on consecutive business days, the fifteen (15) business day period does not begin to run until the receipt of the transcript of the entire deposition by the designating party. Only

individuals permitted to access Confidential Items or Highly Confidential Items in accordance with paragraphs 3 and 4 above are permitted to be present at depositions during the discussion of Confidential Items or Highly Confidential Items, unless the party whose Confidential Items or Highly Confidential Items will be revealed consents to broader attendance.

**Court Filings**

8. If counsel for any party incorporates or discloses Confidential Items or Highly Confidential Items or information reflected in Confidential Items or Highly Confidential Items in any pleading, brief or other paper filed with the Court, it shall conspicuously designate such pleading, brief or paper as "FILED UNDER SEAL" and as containing "CONFIDENTIAL," and/or "HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY," as the case may be, and comply with the provisions of paragraph 9.

9. All court filings containing any Confidential Item or Highly Confidential Item or information contained only in Confidential Items or Highly Confidential Items shall be filed under seal. The party seeking to file such material must seek permission of the Court to file the material under seal and comply with the requirements of the Civil Local Rules. Nothing in this order shall be construed as automatically permitting a party to file under seal. The party seeking leave of Court shall show "compelling reasons" (where the motion is more than tangentially related to the merits of the case) or "good cause" for filing under seal. *See Ctr. For Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1101 (9th Cir. 2016). Additionally, such party seeking to file under seal shall, within the applicable deadline, file a redacted, unsealed version of any motion, response or reply if such party is waiting for a ruling from the Court on filing an unredacted, sealed version of the same document. Further, nothing in this Order shall prevent a party from using at trial any information or Materials designated as Confidential Information

10. Nothing in the Amended Agreed Protective Order will prevent any judge exercising responsibility in this case, and the legal, secretarial, clerical or administrative staff of that judge, to have

access to Confidential Items or Highly Confidential Items and information contained therein as needed for adjudicating or administering this case.

**Challenges to Confidentiality of Items**

11. (a) This Amended Agreed Protective Order shall be without prejudice to the right of any party to bring before the Court the question of whether any particular item is properly designated as a Confidential Item or Highly Confidential Item under the terms of the Amended Agreed Protective Order.

(b) The designation of an item as a Confidential Item or Highly Confidential Item may also be challenged under this section, if any of the following has taken place: (i) the item is or comes to be disclosed in a printed publication; (ii) the item is or comes to be publicly known without breach of the terms of this Amended Agreed Protective Order or other confidentiality obligation covering the item; or (iii) the item is or comes to be otherwise known to a party without any breach of any party's confidentiality obligation under the Amended Agreed Protective Order. Any inadvertent disclosure of Confidential Items or Highly Confidential Items under the terms of this Amended Agreed Protective Order is not a basis for challenging the confidential designation of the document in question. Notwithstanding this subparagraph, this Amended Agreed Protective Order shall not apply to any information obtained from sources other than properly designated Confidential Items or Highly Confidential Items, regardless of whether any challenge is raised with respect to this information, provided that the information is obtained without violation of this Amended Agreed Protective Order.

(c) Any party who desires to challenge the status of a Confidential Item or Highly Confidential Item shall first consult with the Producing Party as to the confidential status of any Confidential Item or Highly Confidential Item. If a person challenges in writing the status of a Confidential Item or Highly Confidential Item, the Producing Party shall respond in writing within five (5) business days and the parties thereafter shall work in good faith to resolve the challenge without Court involvement. If the parties are unable to resolve the challenge, then either party may seek Court

involvement to resolve the challenge. In the case of any challenge to the status of an item hereunder, the item shall retain its confidential status, unless and until the Court orders otherwise or the Producing Party agrees in writing to remove or modify the designation.

(d) In any motion challenging designation of a Confidential Item or Highly Confidential Item, the Producing Party has the burden of establishing that the designation is proper.

(e) In the event that a Producing Party alleges that a person's use of a Confidential Item or Highly Confidential Item violated the terms of this Amended Agreed Protective Order, the Producing Party shall have the burden of showing that the person had a Confidential Item or Highly Confidential Item and used it in violation of the terms of this Amended Agreed Protective Order.

(f) The failure of any person governed by the terms of this Order to challenge the confidential status of any item under this Amended Agreed Protective Order at the time of production of the item shall not be deemed a waiver of that person's right to challenge the propriety of such designation at any time thereafter.

**Third-Party Productions or Requests**

12. Third parties that provide discovery or information in this action shall have the right to designate any documents and things produced in discovery, and/or deposition testimony, as Confidential Items or Highly Confidential Items in accordance with this Amended Agreed Protective Order, and the use of such Confidential Items or Highly Confidential Items by the parties shall be governed in all respects by the terms of this Amended Agreed Protective Order.

13. In the event that any party to this action is (a) subpoenaed in another action, (b) served with a demand or discovery request in another action to which it is a party, or (c) served with any other legal process by a person not a party to these actions, and that party is requested or ordered to produce or otherwise disclose Confidential Items or Highly Confidential Items produced by another party to this action, the party subpoenaed or served shall give prompt written notice of such subpoena, request or order to the Producing Party so that the Producing Party has an opportunity to object to production of

ORLDOCS 17208185 3 11

the Confidential Items or Highly Confidential Items. If the person, firm, corporation or other entity seeking access to the Confidential Items or Highly Confidential Items takes action to enforce such a subpoena, demand or other legal process against the party subpoenaed or served, said party shall respond by setting forth the existence of this Amended Agreed Protective Order and giving prompt written notice of such action to the Producing Party. Nothing in this Amended Agreed Protective Order shall be construed as requiring the party covered by this Amended Agreed Protective Order to not comply with or to object to, challenge or appeal any order requiring production of Confidential Items or Highly Confidential Items covered by this Amended Agreed Protective Order, to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

**Inadvertent Disclosure**

14. If a Producing Party at any time submits written notification that the Producing Party has inadvertently produced documents and/or things that are protected from disclosure under a claim of attorney-client privilege, work-product immunity, and/or any other applicable privilege or immunity from disclosure, including a log describing the basis for the claim of immunity for each such document or thing, all persons so notified shall, within three (3) business days, return, destroy, or sequester from further review all copies of such documents and/or things promptly, whether or not any such person agrees with the claim, and shall not further use such items for any purpose until further order of the Court. The Receiving Party shall be responsible for notifying any additional persons to whom they have disclosed the documents and/or things of the Producing Party's claim of privilege. The return, destruction, or sequestration of any discovery item shall not in any way preclude any person from moving the Court for a ruling that the document or thing is not privileged or otherwise immune from disclosure, but the inadvertent production of the document or thing may not be relied upon as grounds for seeking a ruling that the document is not privileged or otherwise immune from discovery. Inadvertent production does not waive any applicable privilege or immunity. A Producing Party is not required to list on a privilege log any privileged documents, materials, or information that was created

ORLDOCS 17208185 3    12

after the filing of the instant action.

15. Inadvertent or unintentional disclosure of Confidential Items or Highly Confidential Items during the course of this litigation without proper designation shall not be deemed a waiver of a claim that the disclosed information is in fact a Confidential Item or Highly Confidential Item.

16. If a Confidential Item or Highly Confidential Item is disclosed to any person other than as authorized by this Order, the party responsible for the disclosure must immediately inform the Producing Party of all pertinent facts relating to such disclosure and shall make every effort to prevent further disclosure or use by each unauthorized person who received such information. The party responsible for the disclosure must request that the unauthorized person destroy or return the Confidential Item or Highly Confidential Item and all copies of the same.

17. Paragraphs 14-16, *supra*, supplant the procedures set forth in Fed. R. Civ. P. 26(b)(5)(B) to the extent that the designated procedures are inconsistent with the Federal Rule.

**Lasting Obligations**

18. Upon final termination of this action, including appeal, all documents, objects and other materials produced or designated as Confidential Items or Highly Confidential Items, including extracts or summaries thereof, and all reproductions thereof, shall be returned to the Producing Party or shall be destroyed, except that outside counsel may retain all work product, pleadings, correspondence, discovery responses, expert reports, briefs, papers filed with the Court, motion papers, memoranda of law, deposition transcripts, deposition exhibits, trial transcripts and trial exhibits, provided, however, that any Confidential Items or Highly Confidential Items contained or reflected in such documents retained by outside counsel shall remain subject to the protections of this Amended Agreed Protective Order. To the extent that any extracts, summaries, other documents, things, copies and samples reflect the receiving attorney's work product, the receiving attorney shall have the option of destroying such materials. Outside counsel need not purge their email, document management systems or back-up tapes, provided, however, that any Confidential Items or Highly Confidential Items contained or reflected in

such documents retained by outside counsel shall remain subject to the protections of this Amended Agreed Protective Order. The Receiving Party shall verify the return or destruction in writing to the Producing Party within ninety (90) days of receipt of notice of final termination of this action, including appeal. Confidential Items or Highly Confidential Items not returned or destroyed shall be used only for archival purposes, solely to identify information to which there is owed a continuing obligation of confidentiality under the confidentiality order, and for no other purpose, other than for outside counsel to defend itself in an administrative or other proceeding based on a claim or grievance of malpractice. Insofar as the provisions of this and any other confidentiality order entered in this action restrict the communication or use of information produced thereunder, such Orders shall continue to be binding after the conclusion of the litigation except that (i) there shall be no restriction on documents that are used as exhibits in open Court; and (ii) a party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of any such confidentiality order.

19. All obligations and duties arising under this Amended Agreed Protective Order shall survive the termination of this action. The Court retains jurisdiction over the parties, and any persons provided access to Confidential Items or Highly Confidential under the terms of this Amended Agreed Protective Order, with respect to any dispute over the improper use of such Confidential Items or Highly Confidential Items.

20. Nothing in this Amended Agreed Protective Order shall bar or otherwise restrict a party from seeking agreement or leave of Court to allow its counsel to make a specific disclosure of information contained in Confidential or Highly Confidential Items, where disclosure is believed to be necessary for the counsel to render advice to his or her client with respect to this action. The parties, through their counsel, agree to negotiate in good faith regarding whether a party may make such disclosure, and will not deny the other party's counsel's request to make such disclosure without providing the other party its reasons for the denial.

21. The restrictions and obligations set forth herein relating to material designated as Confidential Items or Highly Confidential Items shall not be construed (i) as preventing any party from using or continuing to use any information that, at the time of disclosure, is publicly known through no unauthorized act of such party, or (ii) preventing a party from continuing to use any information known or used by it if such information was lawfully obtained by the party, other than through discovery of the Producing Party. Should a dispute arise as to any specific information or materials, the burden shall be upon the party wishing to use the information to demonstrate that such information is or was publicly known or was lawfully obtained by it other than through discovery of the Producing Party.

22. Other than as expressly provided in paragraph 17, nothing in this Amended Agreed Protective Order shall be deemed to be a waiver of any right that any party might otherwise have under the Federal Rules of Civil Procedure or the Federal Rules of Evidence, including rights pursuant to the doctrines of attorney-client privilege and attorney work product.

23. This Order may be changed by further Order of the Court and is without prejudice to the rights of any party to move for relief from any of its provisions.

**DONE AND ORDERED** in Chambers in Las Vegas, Nevada on this 10th day of October, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Copies to Counsel of Record