Richard W. Epstein, Esq. (admitted *Pro Hac Vice*)
Jeffrey Backman, Esq. (admitted *Pro Hac Vice*)
Michelle Durieux, Esq. (admitted *Pro Hac Vice*)
GREENSPOON MARDER LLP
200 East Broward Blvd., Ste. 1800
Fort Lauderdale, FL 33301
Tel: 954 491-1120
Facsimile: 954-343-5624
Richard.Epstein@gmlaw.com
Jeffrey.Backman@gmlaw.com
Michelle.Durieux@gmlaw.com

Phillip A. Silvestri, Esq.
Nevada Bar No. 11276
GREENSPOON MARDER LLP
3993 Howard Hughes Parkway, Ste. 400
Las Vegas, NV 89169
Tel: 702-978-4249
Fax: 954-333-4256
Phillip.Silvestri@gmlaw.com

Kimberly Maxson-Rushton
Nevada Bar No. 5065
Gregory Kraemer
COOPER LEVENSON, P.A.
1835 Village Center Circle
Las Vegas, NV 89134
T:    (702) 366-1125
F:    (702) 366-1857
krushton@cooperlevenson.com
gkraemer@cooperlevenson.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| DIAMOND RESORTS U.S. COLLECTION DEVELOPMENT, LLC, a Delaware Limited Liability Company,<br><br>                    Plaintiff,<br>       v.<br><br>REED HEIN & ASSOCIATES, LLC d/b/a TIMESHARE EXIT TEAM, a Washington Limited Liability Company; BRANDON REED, an individual and citizen of the State of Washington; TREVOR HEIN, an individual and citizen of Canada; THOMAS | 2:17-cv-3007-APG-VCF<br><br>Case No.: ~~2:16-cv-02722-JCM-DJA~~<br><br>**STIPULATION TO TAKE FED. R. CIV. P. ~~31~~ 30 DEPOSITIONS BY REMOTE MEANS** |

1

PARENTEAU, an individual and citizen of the State of Washington; HAPPY HOUR MEDIA GROUP, LLC, a Washington Limited Liability Company; MITCHELL R. SUSSMAN, ESQ. d/b/a THE LAW OFFICES OF MITCHELL REED SUSSMAN & ASSOCIATES, an individual and citizen of the State of California; SCHROETER, GOLDMARK & BENDER, P.S., a Washington Professional Services Corporation; and KEN B. PRIVETT, ESQ., a citizen of the State of Oklahoma,

Defendants.

Plaintiff, Diamond Resorts US Collection, LLC ("Diamond" or "Plaintiff"), and Defendants Reed Hein & Associates, LLC d/b/a Timeshare Exit Team, Brandon Reed, Trevor Hein, Thomas Parenteau, Happy Hour Media Group, LLC, Mitchell Reed Sussman, Esq. d/b/a The Law Offices Of Mitchell Reed Sussman & Associates, Schroeter Goldmark & Bender, P.S., and Ken B. Privett, Esq. (collectively, the "Defendants" and with Diamond, the "Parties"), pursuant to Federal Rule of Civil Procedure 30(b)(4), hereby agree and stipulate as follows:

1. On March 13, 2020, the Federal Government declared a national emergency arising out of the global pandemic brought on by the spread of the novel Coronavirus Disease, COVID-19.

2. On June 26, 2020, this Court granted Diamond's Motion to exceed the deposition limit, and allowed Diamond to depose all of the Identified Owners (as defined in the operative Complaint) via deposition on written questions pursuant to Fed. R. Civ. P. 31, with the exception of twenty-five (25) who will be deposed live pursuant to Fed. R. Civ. P. 30.

3. Under these circumstances, video conferencing and other remote means are reasonable arrangements to continue discovery and avoid the prejudice of further delays in the trial schedule. *See e.g.*, United States District Court for the Eastern District of Texas, Marshall Division, Standing Order Regarding the Novel Coronavirus (COVID-19) (providing guidance and directing parties to "meet and confer regarding the appropriate means to conduct [impacted] . . . trial[s]" and to "consider, among other things . . . [w]hether video conferencing would be appropriate and effective").

2

4. In order to mitigate the risk of spread of COVID-19, and to minimize the burden on the Identified Owners and court reporters, the Parties have agreed to implement protocols to allow for remote depositions as follows:

**IT IS THEREFORE STIPULATED** by and between the Parties that for all depositions noticed pursuant to Fed. R. Civ. P. ~~31~~ 30:

1. Depositions *shall* be conducted via video, unless otherwise specified herein, with the court reporter also appearing remotely.
2. The Court Reporter shall require the deponent to produce sufficient evidence of identity prior to beginning the deposition, and will administer the oath remotely.
3. In the event that the deponent is either (1) unable to appear via video, or (2) unable to produce sufficient evidence of identity, the deposition shall continue, however the court reporter will not administer an oath, and the deposition will proceed under penalty of perjury.
4. In the event that a deposition is conducted in accordance with the preceding paragraph, the court reporter, prior to taking any testimony, shall read the following statement into the record:

*The attorneys that have arranged for this deposition are aware of and acknowledge that I am not physically present in the deposition room and that I will be reporting this deposition remotely. They further acknowledge that, in lieu of an oath administered in person, the witness will verbally declare his/her testimony in this matter is under penalty of perjury. The parties and their counsel consent to this arrangement and waive any objections to this manner of reporting.*

5. By entering into this stipulation the parties waive all objections regarding the court reporter's remote appearance, and the form of any oath administered, or lack thereof, so long as the deposition is conducted pursuant to the terms of this stipulation.
6. Depositions conducted pursuant to this stipulation shall be admissible for any reason permitted by the Federal Rules of Civil Procedure as if they had been

conducted by conventional means, with a conventional oath administered, unless there is some other basis to exclude the deponent's testimony or any portion thereof.

7. In the event that a deposition proceeds, and the foregoing stipulations are not followed by the court reporter, the Parties shall meet and confer in good faith to determine whether the court reporter's failure to comply with these stipulations had a material effect on the deposition, and whether the deposition should be admissible, or be vacated and taken again. In the event that the deposition must be taken more than once, the parties stipulate that the deposition shall be permitted without further stipulation, regardless of the number of depositions taken to date, and will not reduce the number of depositions permitted by Rule or any other Court Order.

**STIPULATED AND AGREED this _____ day of August, 2020:**

| GREENSPOON MARDER, LLP | GORDON REES SCULLY MANSUKHANI, LLP |
|---|---|
| */s/ Phillip Silvestri, Esq.* | */s/ Robert Larsen, Esq.* |
| PHILLIP A. SILVESTRI, ESQ.<br>Nevada Bar No. 11276<br>3993 Howard Hughes Parkway, Suite 400<br>Las Vegas, NV 89169<br><br>and<br><br>RICHARD W. EPSTEIN, ESQ.<br>*Admitted Pro Hac Vice*<br>JEFFREY BACKMAN, ESQ.<br>*Admitted Pro Hac Vice*<br>MICHELLE E DURIEUX, ESQ.<br>*Admitted Pro Hac Vice*<br>200 East Broward Blvd., Suite 1800<br>Fort Lauderdale, FL 33301<br><br>and<br><br>COOPER LEVENSON, P.A.<br>KIMBERLY MAXON-RUSHTON, ESQ.<br>Nevada Bar No. 5065 | ROBERT S. LARSEN, ESQ.<br>Nevada Bar No. 7785<br>DAVID T. GLUTH, II, ESQ.<br>Nevada Bar No. 10596<br>DIONE C. WRENN, ESQ.<br>Nevada Bar No. 13285<br>300 South 4th Street, Suite 1550<br>Las Vegas, Nevada 89101<br><br>*Attorneys for Defendants*<br>*Reed Hein & Associates, LLC dba Timeshare Exit Team, Brandon Reed, Trevor Hein, Thomas Parenteau, and Happy Hour Media Group, LLC*<br><br>LIPSON NEILSON, P.C.<br><br>*/s/ Megan Hummel, Esq.*<br><br>JOSEPH P. GARIN, ESQ. |

**GREENSPOON MARDER LLP**
3993 Howard Hughes Parkway, Suite 400
Las Vegas, Nevada 89169
Phone: (702) 978-4249/ Fax: (945) 333-4256

4

| | |
|---|---|
| GREGORY KRAEMER, ESQ.<br>Nevada Bar No. 10911<br>1835 Village Center Circle<br>Las Vegas, NV 89134<br><br>*Attorneys for Plaintiff*<br>*Diamond Resorts Corporation* | Nevada Bar No. 6653<br>MEGAN H. HUMMEL, ESQ.<br>Nevada Bar No. 12404<br>9900 Covington Cross Drive, Suite 120<br>Las Vegas, NV 89144-7052<br><br>*Attorneys for Defendant*<br>*Schroeter, Goldmark & Bender, P.S.* |

| | |
|---|---|
| THE LAW OFFICES OF MITCHELL REED SUSSMAN & ASSOCIATES<br><br>*/s/ Joseph Liebman, Esq.*<br>_____<br>MITCHELL REED SUSSMAN, ESQ.<br>*(Pro Hac Vice)*<br>California Bar No. 75107<br>LESLIE BENJAMIN, ESQ.<br>*(Pro Hac Vice)*<br>California Bar No. 297440<br>1053 S. Palm Canyon Drive<br>Palm Springs, California 92264<br><br>and<br><br>BAILEY KENNEDY, LLP<br>JOSEPH A. LIEBMAN, ESQ.<br>Nevada Bar No. 10125<br>8984 Spanish River Avenue<br>Las Vegas, Nevada 89148<br><br>*Attorneys for Defendant*<br>*Mitchell Reed Sussman Esq. d/b/a*<br>*The Law Offices of Mitchell*<br>*Reed Sussman & Associates* | ALVERSON TAYLOR & SANDERS<br><br>*/s/ LeAnn Sanders, Esq.*<br>_____<br>LEANN SANDERS, ESQ.<br>Nevada Bar No. 000390<br>COURTNEY CHRISTOPHER, ESQ.<br>Nevada Bar No. 012717<br>6605 Grand Montecito Parkway, Suite 200<br>Las Vegas, Nevada 89149<br><br>*Attorney for Defendant*<br>*Ken B. Privett, Esq.*<br><br>IT IS SO ORDERED.<br><br>_____<br>Cam Ferenbach<br>United States Magistrate Judge<br><br>Dated: 8-5-2020 |

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system on this 4th day of August, 2020. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the Court's Service List via transmission of Notices of Electronic Filing generated by CM/ECF. For any counsel or parties who are not are not authorized to receive Notices of Electronic Filing electronically, I certify that I served those parties via First Class U.S. Mail.

    */s/ Phillip Silvestri*
    An employee of Greenspoon Marder LLP

GREENSPOON MARDER LLP
3993 Howard Hughes Parkway, Suite 400
Las Vegas, Nevada 89169
Phone: (702) 978-4249/ Fax: (945) 333-4256