UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DIAMOND RESORTS INTERNATIONAL, INC., et al.,<br><br>　　　　Plaintiffs<br><br>v.<br><br>REED HEIN & ASSOCIATES, LLC, et al.,<br><br>　　　　Defendants | Case No.: 2:17-cv-03007-APG-VCF<br><br>**AMENDED Order Granting in Part Motions to Seal**<br><br>[ECF Nos. 246, 376] |

　　　　Plaintiff Diamond Resorts U.S. Collection Development, LLC moved to seal certain exhibits based on the parties' agreed protective order, although Diamond did not take a position on whether the exhibits should be filed under seal. ECF No. 246.  I granted the motion in part, ruling that ECF No. 245 would remain under seal pending further order, and I directed that if a party determined that any of those materials should remain under seal, that party must file a properly supported motion to seal by July 13, 2020. *Id.* at 249.  Defendant Schroeter Goldmark & Bender P.S. (SGB) filed a response requesting that exhibits 9, 12, 13, 14, and 17 remain under seal because they contain sensitive information about SGB's business practices and financial information and because they include confidential information about timeshare owners.

　　　　Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  Such records are presumed to be publicly accessible. *Id.*  A party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Id.*  In the case of dispositive motions, the party seeking to seal the record must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public

interest in understanding the judicial process. *Id.* at 1178-79.  Among the compelling reasons which may justify sealing a record are when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. *Id.* at 1179 (quotation omitted).  However, avoiding a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records. *Id.*

The mere fact that one party designated information as confidential under a protective order does not satisfy the *Kamakana* standard.  Only those portions of the exhibits that contain confidential information may be filed under seal.  The remainder of the exhibits must be filed as publicly accessible documents.

Having reviewed the exhibits and SGB's response, I will direct that ECF Nos. 245 and 375 remain under seal.  However, Diamond must file publicly accessible versions of its exhibits with the redactions listed below.

I THEREFORE ORDER that plaintiff Diamond Resorts U.S. Collection Development, LLC's motions to seal **(ECF Nos. 246, 376) are GRANTED in part**.

I FURTHER ORDER that ECF Nos. 245 and 375 shall remain under seal.

I FURTHER ORDER that by March 12, 2021, Diamond shall file publicly accessible versions of its exhibits with the following redactions:

- Exhibit 12 (ECF No. 245-9): redact the list of owner names on pages 5 through 15 and the financial data on page 21.
- Exhibit 14 (ECF No. 245-11): this document shall remain sealed.
- Exhibit 17 (ECF No. 245-13): redact the owner's name and address and the spreadsheet on page 2.

- Exhibit 25 (ECF No. 245-14): redact the names of the owners.

All other exhibits shall be publicly accessible with no redactions.

DATED this 26th day of February, 2021.

                                                ANDREW P. GORDON
                                                UNITED STATES DISTRICT JUDGE