LIPSON NEILSON P.C.
JOSEPH P. GARIN, ESQ.
Nevada Bar No. 6653
MEGAN H. HUMMEL, ESQ.
Nevada Bar No. 12404
9900 Covington Cross Drive, Suite 120
Las Vegas, Nevada 89144
(702) 382-1500 - Telephone
(702) 382-1512 - Facsimile
jgarin@lipsonneilson.com
mhummel@lipsonneilson.com

*Attorneys for Defendant*
*Schroeter Goldmark & Bender, P.S.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DIAMOND RESORTS U.S. COLLECTION DEVELOPMENT, LLC, a Delaware limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> REED HEIN & ASSOCIATES, LLC d/b/a/ TIMESHARE EXIT TEAM, a Washington limited liability company; BRANDON REED, an individual and citizen of the State of Washington; TREVOR HEIN, an individual and citizen of Canada; THOMAS PARENTEAU, an individual and citizen of the State of Washington; HAPPY HOUR MEDIA GROUP, LLC, a Washington limited liability company; MITCHELL R. SUSSMAN & ASSOCIATES, an individual and citizen of the State of California; SCHROETER, GOLDMARK & BENDER, P.S., a Washington professional services corporation; and KEN B. PRIVETT, ESQ., a citizen of the State of Oklahoma, <br><br> Defendants. | CASE NO.: 2:17-cv-03007-APG-VCF <br><br> **STIPULATION AND ORDER TO EXTEND DISCOVERY** <br><br> **(Fifth Request)** |

**STIPULATION AND ORDER TO EXTEND DISCOVERY (Fifth Request)**

Pursuant to Local Rules 6-1 and 7-1, Plaintiff Diamond Resorts US Collection Development, LLC ("Diamond" or "Plaintiff"), and Defendants Reed Hein & Associates, LLC d/b/a Timeshare Exit Team ("TET"), Brandon Reed ("Reed"), Trevor Hein ("Hein"),

Thomas Parenteau ("Parenteau"), Happy Hour Media Group, LLC ("HHM"), Mitchell Reed Sussman, Esq. d/b/a The Law Offices of Mitchell Reed Sussman & Associates ("Sussman"), and Schroeter Goldmark & Bender, P.S. ("SGB") (at times collectively the "Defendants"), by and through their respective attorneys of record, hereby agree and stipulate, in accordance with LR 26-4, as follows:

IT IS HEREBY STIPULATED by and between the Parties that the deadline to complete discovery be extended as set forth herein. This is the Parties' fifth request to extend the discovery deadline in this matter.

**A.  Stipulated Discovery Plan and Scheduling Order**

On November 18, 2020, the Court entered an Order [ECF No. 350] granting the parties' Joint Stipulation to Extend Discovery (Fourth Request) which set the following dates:

1. Initial Experts: July 14, 2021
2. Rebuttal Experts: September 13, 2021
3. Discovery Cut-Off: November 3, 2021
4. Dispositive Motions: December 30, 2021
5. Submission of Pretrial Order: January 18, 2022

**B.  Discovery Completed/Remaining Discovery**

Pursuant to the requirements of LR6-1 and LR26-4, the parties provide the Court with the following information in support of their stipulation to extend discovery in this matter.

**1.  Discovery Completed**

a) Each of the Parties has served the required Rule 26(a) Initial Disclosures. Plaintiff has served nine supplements; TET has served 33 supplements, HHMG has served six supplements; SGB has served ten supplements; and Sussman has served seven supplements.

///

///

b) Plaintiff has served an aggregate of twelve (12) separate sets of Requests for Production of Documents and three sets of Interrogatories on TET, Reed, Hein, and Parenteau. TET, Reed, Hein, and Parenteau responded to all Interrogatories and Requests for Production of Documents. TET, Reed, Hein, and Parenteau have served Plaintiff with an aggregate of five (5) sets of Requests for Production of Documents, three (3) sets of Requests for Admission, and one set of Interrogatories. Plaintiff responded to this written discovery and has no responses outstanding at this time.

c) Plaintiff has served two sets of Requests for Production of Documents on HHMG and two sets of Interrogatories. HHMG responded to this written discovery and has no responses outstanding at this time. HHMG has also propounded one set of Requests for Admissions on Plaintiff and one set of Requests for Production of Documents. Plaintiff responded to this written discovery and has no responses outstanding at this time.

d) Plaintiff has served two sets of Interrogatories on SGB and four sets of Requests for Production of Documents. SGB responded to this written discovery and has no responses pending at this time. SGB also served Plaintiff with four sets of Requests for Production of Documents, one set of Interrogatories, and one set of Requests for Admission. Plaintiff responded to this written discovery and has no responses outstanding at this time.

e) Plaintiff has served Sussman with one set of Interrogatories and two sets of Requests for Production of Documents. Sussman responded to this written discovery and has no response outstanding. Sussman served Plaintiff with two sets of Interrogatories and two sets of Requests for Production of Documents. Plaintiff responded to this written discovery.

f) The Parties have served numerous third-party document production subpoenas, including subpoenas to Better Business Bureau, Yelp, Inc., The Lampo Group, LLC, Lampo Licensing, LLC, Timeshare Closing Services, Inc., Ardent Law Group, PLLC, Silva & Massi, and the American Resort Development Association.

g) The Parties have taken the deposition of non-party witness Betty Lusk.

h) The Parties have begun taking the Rule 31 depositions of 330 non-party timeshare owners (the "Identified Owners"). To date, approximately 140 of the Rule 31 depositions have been completed, with several more scheduled throughout the coming weeks.

i) Several Parties have disputed the sufficiency of written discovery responses and are in the process of meeting and conferring to resolve disputes prior to court intervention.

j) Plaintiff filed motions to compel the production of the defendants' documents and the Parties awaiting resolution on Plaintiff's Objections to Magistrate's Judge's Orders thereon (ECF No. 342 and clarificatory orders, ECF No. 353 and ECF No. 355).

k) Plaintiff has deposed TET's 30(b)(6) witnesses for the limited purpose of addressing issues which arose during the Rule 31 depositions.

l) SGB has served notice to take by videotape the deposition of the Rule 30(b)(6) corporate designee of Plaintiff. A Motion for Protective Order thereon has been filed by Plaintiff relative to this deposition and is currently set for May 17, 2021.

m) Plaintiff and SGB have agreed that SGB's Rule 30(b)(6) deposition will be scheduled in late August 2021. A deposition notice is forthcoming.

n) SGB has served deposition subpoenas on three additional witnesses for Plaintiff: Maria Kalber, Eva Esteban, and David LaGassa. Plaintiff accepted service of these subpoenas and depositions are currently set for June 22, 2021, June 29, 2021, and June 30, 2021.

As outlined above, the Parties have exchanged (and are continuing to exchange) hundreds of thousands of documents encompassing millions of pages related to the timeshare owner contracts and relationships at issue in this case, and are awaiting resolutions on pending discovery motions.

///

**2. Remaining Discovery to be Completed.**

a) Completion of the Rule 31 depositions of the Identified Owners.

b) Depositions of all Parties' 30(b)(6) corporate witnesses and other, relevant non-party witnesses (including the Identified Owners who were not deposed pursuant to Rule 31). The Parties have attempted to schedule these depositions on numerous occasions, but encountered numerous delays due to various restrictions and concerns imposed by the COVID-19 pandemic. The Parties are working together to coordinate the scheduling of all remaining depositions. Five depositions are currently scheduled to move forward beginning June 22, 2021. The Parties are contemplating video-depositions to expedite scheduling, but given the magnitude of the exhibits and the number of defendants involved, all Parties prefer to conduct in-person depositions if feasible.

c) Initial and rebuttal expert disclosures.

d) Supplemental document disclosures. The Parties are currently in dispute over the production of several categories of documents. The production of these documents is largely contingent on the adjudication of pending or forthcoming motions to compel.

The Parties reserve the right to participate in any other discovery allowed by the federal or local rules.

**C.    Reason Why Discovery Has Not Been Completed.**

Although the parties have worked cooperatively and diligently to complete discovery, discovery has been delayed due to the COVID-19 pandemic, which has led to various closures and travel restrictions. As this Court is aware, this case also involves voluminous and complex document discovery, both as between the Parties and as to third parties. Plaintiff and TET have collectively disclosed well over 1,000,000 pages of documents. TET has also recently disclosed over 500,000 audio recordings with a collective recording time of over four (4) years. Defendants SGB and Sussman have also disclosed a significant amount of documents. The sheer volume of documents and

1  ESI that has been exchanged (and continues to be exchanged) including the attendant
2  collection, processing, and production of information, has taken and continues to take a
3  substantial period of time.

4  Complicating the production have been the Parties' ongoing disputes over
5  various discovery responses and document productions. These disputes have led to
6  dozens of meet and confers, as well as several rounds of motions to compel, which led
7  to the Court's Order of November 4, 2020 (ECF 342) and clarificatory orders thereon
8  (ECF 353 and ECF 355). Currently, the parties are awaiting the Court's ruling on
9  Plaintiff's objections to the Magistrate Judge's Order (ECF 342, ECF 353 and ECF 355),
10 to guide them in further discovery efforts.

11 The parties are also awaiting the Court's ruling on Plaintiff's Motion for Protective
12 Order Regarding SGB's FRCP 30(b)(6) Deposition Notice to Plaintiff.

13 The Parties also do not anticipate that document production, Rule 31
14 depositions, party depositions, the 50 agreed upon live, non-party depositions (25 per
15 side), or expert reports can be completed within the current time frame.

16 The Parties therefore respectfully request to extend the discovery deadline by
17 approximately 90 days from the current discovery deadlines.

18 The Parties have entered into the agreement in good faith and not for purposes
19 of delay. This extension is not intended to delay the progress of this case but will
20 instead allow the Parties to complete discovery and/or to further explore the possibility
21 of settlement upon completion of discovery.
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

D. **Proposed Schedule for Remaining Discovery**

| Event | Current Deadline | Extended Deadline | Number of Days |
|---|---|---|---|
| **Initial Experts** | July 14, 2021 | October 12, 2021 | **90 Days** |
| **Rebuttal Experts** | September 13, 2021 | December 13, 2021 | **91 Days (90 days will land on a Sunday)** |
| **Discovery Cut-Off** | November 3, 2021 | February 1, 2022 | **90 Days** |
| **Dispositive Motions** | December 20, 2021 | March 21, 2022 | **91 Days (90 days will land on a Sunday)** |
| **Pretrial Order** | January 18, 2022 | April 18, 2022 | **90 Days** |

*If dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after decision on the dispositive motions or further court order.*

In accordance with Paragraph 13 of the existing Scheduling Order and LR 26-4, this Stipulation is submitted more than twenty-one (21) days before any of the deadlines that the Parties seek to extend through this stipulation.

Dated this 14th day of May, 2021.

**GREENSPOON MARDER LLP**

*/s/ Phillip A. Silvestri*
_____
Phillip A. Silvestri, Esq. (NV Bar No. 11276)
3993 Howard Hughes Pkwy., Ste. 400
Las Vegas, NV 89169

Richard W. Epstein, Esq.
(Admitted Pro Hac Vice)
Jeffrey Backman, Esq.
(Admitted Pro Hac Vice)
Michelle E. Durieux, Esq.
(Admitted Pro Hac Vice)
200 East Broward Blvd., Ste. 1800
Fort Lauderdale, FL 33301

and

**COOPER LEVENSON, P.A.**
Kimberly Maxson-Rushton, Esq.
NV Bar No. 5065
Gregory A. Kraemer, Esq.
NV Bar No. 1091
1835 Village Center Circle
Las Vegas, NV 89134

*Attorneys for Plaintiffs*

Dated this 14th day of May, 2021.

**THE LAW OFFICES OF MITCHELL REED SUSSMAN & ASSOCIATES**

*/s/ Mitchell Reed Sussman*
_____
Mitchell Reed Sussman, Esq.
(*Pro Hac Vice*)
California Bar No. 75107
Leslie Benjamin, Esq.
(Pro Hac Vice)
1053 S. Palm Canyon Drive
Palm Springs, California 92264

Dated this 17th day of May, 2021.

**ALDRICH LAW FIRM, LTD.**

*/s/ John P. Aldrich*
_____
John P. Aldrich, Esq. (Bar No. 6877)
7866 West Sahara Avenue
Las Vegas, Nevada 89117

*Attorneys for Defendant*
*Mitchell Reed Sussman, Esq. dba*
*The Law Offices of Mitchell Reed Sussman*
*& Associates*

Dated this 14th day of May, 2021.

**GORDON REES SCULLY MANSUKHANI, LLP**

*/s/ Dione C. Wrenn*
_____
Robert S. Larsen, Esq. (NV Bar No. 7785)
David T. Gluth II, Esq. (NV Bar No. 10596)
Dione C. Wrenn, Esq. (NV Bar No. 13285)
300 South 4th Street, Suite 1550
Las Vegas, Nevada 89101

*Attorneys for Defendants*
*Reed Hein & associates, LLC dba Timeshare Exit Team, Brandon Reed, Trevor Hein, Thomas Parenteau, and Happy Hour Media Group*

Dated this 14th day of May, 2021.

**LIPSON NEILSON P.C.**

*/s/ Megan H. Thongkham*
_____
Joseph P. Garin, Esq. (NV Bar No. 6653)
Megan H. Thongkham, Esq (NV Bar No. 12404
9900 Covington Cross Drive, Suite 120
Las Vegas, Nevada 89144

*Attorneys for Defendant*
*Schroeter Goldmark & Bender, P.S.*

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: 5-17-2021 _____